IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT THOMPSON, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION H-05-2103 |
| | § | |
| DOUGLAS DRETKE, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM ON DISMISSAL**

Robert Thompson filed an untitled pleading which the Clerk treated as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Thompson references state court conviction number 444,949. Thompson has filed at least two prior habeas corpus petitions in this Court challenging his 1986 conviction for capital murder under cause number 444,949 in the 184th District Court of Harris County, Texas. *See Thompson v. Johnson*, Civil Action No. H-98-381, (Docket Entry No. 3, p. 1); *Thompson v. Cockrell*, Civil Action No. H-00-4406, (Docket Entry No. 10, p. 1). Thompson received a life sentence. *Id*.

Thompson's assertions and requests for relief follow. Thompson requests the right to appeal and seeks a Certificate of Appealability (COA). He applies for a COA

1

"to appeal the 184th District Court['s] ... [d]enial of [a] Writ of Habeas Corpus." Thompson discusses the history of his trial, direct appeal, and habeas challenges, and the deficiencies in those proceedings. Thompson concludes with a prayer that this Court "grant the exhaustion and merits in his claims" and says "this court can make a .... ruling [and] determination that actions of the herein named parties violated Thompson's constitutional right[s]."

Federal district courts do not issue a COA in a vacuum. A district court may issue a COA to a petitioner in a federal habeas action when the court denies the petitioner relief and the petitioner appeals from the final order in the action. *See* 28 U.S.C. § 2253. When Thompson filed his original pleading here requesting a COA there was no denial of habeas corpus relief in this case or a final order. Thompson's request for a COA made in his original pleading in this case will be DENIED.

To the extent Thompson challenges his state court conviction in cause number 444,949, his challenge is successive.

In general, federal habeas petitioners must bring their claims in one action. 28 U.S.C. § 2244(b) provides, in part:

> (1) A claim presented in a second or successive habeas corpus application under § 2254 that was presented in a prior application shall be dismissed.

2

(2) A claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application shall be dismissed unless --
    (A) the applicant shows that the claims rely on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable;  or
    (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence;  and
    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A district court may hear a claim not presented in a prior federal application only if the court of appeals issues an order of authorization.  28 U.S.C. § 2244(b)(3).  Any claim that was raised in a prior federal habeas application is not subject to adjudication by the district court and must be dismissed.  28 U.S.C. § 2244(b)(1).

There is no allegation or showing that Thompson has sought or received authorization from the Court of Appeals to proceed in this Court as to any new claims he is raising here.  Any challenges to his 1986 state court conviction should be

3

dismissed without prejudice for want of jurisdiction.

Accordingly, to the extent Thompson attacks the constitutional validity of his state court conviction in cause number 444,949 under 28 U.S.C. § 2254, this action is DISMISSED without prejudice to seeking authorization from the Court of Appeals to proceed in this Court on any new claims. To the extent Thompson seeks a COA in this case as an original matter, his request for a COA is DENIED.

To the extent Thompson attacks the constitutional validity of his state court conviction, a new COA will not issue.

SIGNED at Houston, Texas, on this 18th day of August, 2005.

*David Hittner*

_____

DAVID HITTNER

United States District Judge